IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. ESHELMAN, et al., | |
| Plaintiffs, | No. C 07-01429 JSW |
| v. | **NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING.** |
| ORTHOCLEAR HOLDINGS, INC., et al., | |
| Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON AUGUST 31, 2007 AT 9:00 A.M.

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively denies** Plaintiffs' motion.

The parties shall each have fifteen (15) minutes to address the following questions:

1. If the Court modifies its tentative ruling and grants Plaintiffs' motion and requires that some form of corrective notice be issued to putative class members, do Defendants ask that such a notice also address the email communication from Plaintiffs attached to the Corrected Fernandez Declaration?

      a.    What is Plaintiffs' best argument that its communication with *putative* class members regarding OrthoClear's settlement offer is impartial?

2.    a.    Apart from the package attached as Exhibit A to the Corrected Fernandez Declaration, what evidence is before the Court that the putative class members are "being pressured to settle," as Plaintiffs assert on reply?

      b.    What evidence is in the record that OrthoClear had not been in communication with potential class members since October 2006? *See* Reply Brief at 7:16-23 (asserting lack of contact).

3.    Do Plaintiffs have any authority that if a defendant in a class action extends a pre-certification settlement offer, it also must advise a putative class member of the specific legal procedures involved in class actions?  If not, why is OrthoClear's disclosure of the existence of the class action and suggestion to putative class members that they may wish to consult counsel not sufficient information to address that issue?

4.    Given the timing of OrthoClear's offer in relation to the parties' stipulations extending the time by which answers or responsive pleadings would be filed, is it not reasonable to infer that the September 10 deadline was imposed in an effort to reduce the number of potential class members? *See, e.g., Jenifer v. Delaware Solid Waste Auth.*, 1999 U.S. Dist. LEXIS 2542 at *16 (D. Del. Feb. 25, 1999) (considering normal timing of proposed changes in tipping fees and shortened time in defendants' proposal to determine whether defendants actions were improper).

5.    Plaintiffs assert that the confidential information provided by OrthoClear to the Plaintiffs is material to evaluating OrthoClear's settlement offer.  Without that information, how can the Court evaluate whether or not that information would actually be material to a putative class member's decision and whether it would render OrthoClear's communication misleading?

6.    Are there any other issues the parties wish to address?

Dated: August 30, 2007

JEFFREY S. WHITE  
UNITED STATES DISTRICT JUDGE