United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL B. ESHELMAN, et al.,

    Plaintiffs,

v.

ORTHOCLEAR HOLDINGS, INC., et al.,

    Defendants.

No. C 07-01429 JSW

**ORDER DENYING PLAINTIFFS' MOTION TO LIMIT ORTHOCLEAR'S CONTACTS WITH POTENTIAL CLASS MEMBERS AND FOR CORRECTIVE ACTION**

## INTRODUCTION

This matter comes before the Court upon consideration of the Motion to Limit OrthoClear's Contacts with Potential Class Members and for Corrective Action filed by Plaintiffs Michael B. Eshelman, D.D.S., Peter F. Silcher, D.D.S., and Lori I. Silcher ("Plaintiffs"). Having considered the parties' briefs, relevant legal authority, the record in this case, and having had the benefit of oral argument, the Court HEREBY DENIES Plaintiffs' motion.

## BACKGROUND

On March 12, 2007, Plaintiffs filed this putative class action alleging, *inter alia*, violations of Federal Securities laws against Defendants OrthoClear Holdings, Inc., OrthoClear, Inc., Muhammad Ziaullah Chishti, Huafeng "Charles" Wen, Peter Riepenhausen, Arthur T. Taylor, Saiyed Atiz Raza, Christopher Kawaja, Patricia Humell Seifert, Joseph Breeland, and Mudassar Rathore.[1] On April 12, 2007, Plaintiffs filed their First Amended Complaint, in

---

[1] The Court shall refer to these Defendants collectively as "OrthoClear" unless a distinction between the corporate defendants and the individual defendants is warranted.

1  which they named additional defendants, Paul Badawi, and 3i Technology Partners III, LP.  On
2  July 24, 2007, Plaintiffs filed their Second Amended Complaint ("SAC"), which is the
3  operative pleading in this action.

4    Plaintiffs seek to represent a class consisting of "persons and entities who purchased or
5  otherwise acquired Class A, B, and C preferred shares issued by Defendant OrthoClear
6  Holdings, Inc. ... between January 1, 2005 and September 30, 2006."  (SAC at 1:3-5.)
7  Plaintiffs' allegations against the Defendants are set forth in detail in the SAC and shall not be
8  repeated in this Order.  In brief, Plaintiffs allege that OrthoClear made false and misleading
9  statements, some of which pertain to litigation brought by Align, Inc. ("Align") against
10 OrthoClear and a resulting settlement with Align, in connection with its sale of Class A, B, and
11 C preferred shares,

12   After the Plaintiffs filed this lawsuit, the parties attempted to resolve their dispute short
13 of litigation.  As such, in early April 2007, the parties extended the time in which the defendants
14 were required to respond.  (*See* Docket Nos. 27, 29; *see also* Declaration of Marc Haber
15 ("Haber Decl."), ¶ 2.)  The parties, however, were unable to negotiate a settlement.  Therefore,
16 Plaintiffs gave notice that they were terminating settlement discussions and that the defendants
17 would be required to respond to the SAC.  (Haber Decl., ¶¶ 2-3.)  Plaintiffs terminated the
18 settlement discussions with OrthoClear on or about August 8, 2007, and OrthoClear's answer or
19 responsive pleading is due by September 10, 2007.  (Haber Decl., ¶ 3.)

20   On or about August 10, 2007, OrthoClear sent a package to potential class members,
21 which included a cover letter, a release of claims, a copy of the SAC, and a check.  (Haber
22 Decl., ¶ 3 and Ex. A.)  It is undisputed that this package constituted a settlement offer from
23 OrthoClear to potential class members with respect to the claims asserted in the SAC.  (*Id.*; *see*
24 *also* Opp. Br. at 1:6-10.)  OrthoClear also sent a copy of this package to the Plaintiffs through
25 their counsel.  (Opp. Br. at 22-23.)  The Plaintiffs have rejected this offer.

26   Thereafter, Plaintiffs filed this motion to limit OrthoClear's contacts with the putative
27 class members.  Plaintiffs, through counsel, also sent an email to some of the potential class
28

2

1 members in which they set forth their views of OrthoClear's offer.  (Corrected Declaration of
2 Dorothy Fernandez ("Fernandez Decl."), ¶ 2 and Ex. A.)

## ANALYSIS

**A.     Applicable Legal Standards.**

"Because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties.  But this discretion is not unlimited." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981).  If a court limits communications between the "parties and potential class members," it must be "based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Id.* at 101.  Furthermore, any such order issued must be "carefully drawn" to limit speech "as little as possible, consistent with the rights of the parties under the circumstances." *Id.* at 102.

Examples of conduct that may warrant restraints on communications include efforts by a defendant to encourage potential class members not to participate in the class action, thereby reducing potential liability. *See, e.g., Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1201-03 (11th Cir. 1985); *Hampton Hardware, Inc. v. Cotter & Co., Inc.*, 156 F.R.D. 630, 632 (N.D. Tex. 1994).  Courts also have limited communications by the parties to potential class members when those communications are shown to contain misleading information. *See, e.g., In re McKesson HBOC Sec. Lit.*, 126 F. Supp. 2d 1239, 1244 (N.D. Cal. 2000); *Burford v. Cargill, Inc,* 2007 U.S. Dist. LEXIS 1679 at *5 (W.D. La. Jan. 19, 2007) (finding that sending settlement offer without also notifying potential class members of pending class action was misleading).

**B.     Plaintiffs Have Not Met Their Burden to Show Court Intervention is Warranted.**

The question this Court must resolve is whether OrthoClear's communication of its pre-certification settlement offer is misleading, abusive or otherwise threatens the proper functioning of this litigation.

Plaintiffs do not suggest that it was improper for OrthoClear to extend a pre-certification settlement offer. *See, e.g., Gulf Oil*, 452 U.S. at 95 (defendants communicated to potential class

3

members a settlement offer made in connection with a conciliation agreement reached with EEOC); *Bublitz v. E.I. Dupont de Nemours and Co.*, 196 F.R.D. 545, 548 (S.D. Iowa 2000); Manual for Complex Lit. § 21.12 (4th ed. 2004) ("Defendants and their counsel generally may communicate with potential class members in the ordinary course of business, including discussing settlement before certification, but may not give false, misleading, or intimidating information, conceal material information, or attempt to influence the decision about whether to request exclusion from a class certified under Rule 23(b)(3).")

Rather, Plaintiffs argue that OrthoClear's communication to the class members is misleading, in part, because it omits information that Plaintiffs argue is necessary to evaluate the offer and make an informed decision about whether or not to release the claims. Specifically, Plaintiffs complain that OrthoClear did not tell potential class members that OrthoClear had provided the Plaintiffs with confidential information, that OrthoClear and the Plaintiffs had been engaged in settlement discussions, and that Plaintiffs had rejected an offer from OrthoClear. Plaintiffs assert that their decisions were influenced by the confidential information in their possession. The Court, however, is not privy to that information and, thus, cannot evaluate Plaintiffs' assertion that omitting this information would be material to evaluating OrthoClear's offer.[2]

Plaintiffs also assert that OrthoClear's communication has a potential to be coercive because the settlement offer came after approximately five months of silence from OrthoClear on the status of its business operations. Thus, according to Plaintiffs, "the only thing [potential class members] had to go on was their fear that if they did not cash the check immediately, OrthoClear would disappear and they would lose everything." (Reply at 7:11-13.) At the hearing, OrthoClear noted that it did send a letter to its shareholders in March 2007 that addressed liquidation efforts and distributions to shareholders. Plaintiffs' arguments that the timing of OrthoClear's offer, taken in context with the concerns about its future viability, is not

---

[2] Plaintiffs also appear to argue that OrthoClear failed to disclose that Plaintiffs had rejected the offer sent on August 10, 2007. It is unclear to the Court how OrthoClear could advise potential class members of Plaintiffs' rejection in advance of the Plaintiffs receiving the offer.

4

unpersuasive. The Court can understand the Plaintiffs' concern that some potential class members may have felt that this would be their only opportunity to collect on their investment. If OrthoClear had not apprised potential shareholders that this lawsuit was pending, or if it had omitted the SAC with its mailing, the Court would be more inclined to agree with Plaintiffs that court intervention was necessary.

The Court also notes its concern with the email communication sent by Plaintiffs to some, if not all, of the class members. In the Court's view, that email could have been drafted in a more impartial fashion, but the Court also concludes that it does not give rise to the need for Court initiated corrective action. *To the extent the parties continue to believe that it would be fruitful to work together to come to an agreement on further communications with potential class members, the Court would encourage such cooperation, but shall not require it.*

At this stage, the potential class members have a written settlement offer, have been advised that this litigation is pending and that it may affect their rights, and have the contact information for Plaintiffs' counsel. In addition, because the Plaintiffs and Plaintiffs' counsel also received the offer, they are in position to make an "educated analysis" of the offer. *See Bublitz*, 196 F.R.D. at 549. Further, at the hearing on this motion, Defendants represented that they were planning to extend the deadline by which a potential class member could accept or reject the offer, thus granting potential class members additional time to consider the offer, consult with counsel, or contact Plaintiffs' counsel if they so choose. As such, the Court concludes that Plaintiffs have not met their burden to show that any corrective action is necessary or that it should limit future communications between the parties and potential class members.

For the foregoing reasons, the Court DENIES Plaintiffs' motion.

**IT IS SO ORDERED.**

Dated: September 4, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

5