1   SHARTSIS FRIESE LLP
    ARTHUR J. SHARTSIS (Bar #51549)
2   CHARLES R. RICE (Bar #98218)
    JASON P. LEE (Bar #196520)
3   One Maritime Plaza, Eighteenth Floor
    San Francisco, CA  94111
4   Telephone:  (415) 421-6500
    Facsimile:  (415) 421-2922
5   Email:  ashartsis@sflaw.com

6   Attorneys for Defendants
    OCUMENTA CAPITAL HOLDINGS, INC.,
7   formerly known as OrthoClear Holdings, Inc.,
    OCUMENTA, INC., formerly known as OrthoClear,
8   Inc., MUHAMMAD ZIAULLAH CHISHTI,
    HUAFENG "CHARLES" WEN, PETER
9   RIEPENHAUSEN, ARTHUR T. TAYLOR,
    SAIYED ATIQ RAZA, and JOSEPH BREELAND

10

11                    UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13                    SAN FRANCISCO DIVISION

14   MICHAEL B. ESHELMAN, D.D.S.;        Case No.  C 07-01429 JSW
     PETER F. SILCHER, D.D.S; and
15   LORI I. SILCHER                     **NOTICE OF MOTION AND MOTION
                                         TO DISMISS SECOND AMENDED
16            Plaintiffs,                COMPLAINT; MEMORANDUM OF
                                         POINTS AND AUTHORITIES**
17   v.
                                         Date:      December 7, 2007
18   ORTHOCLEAR HOLDINGS, INC.,          Time:      9:00 a.m.
     a British Virgin Islands Company;   Judge:     Hon. Jeffrey S. White
19   ORTHOCLEAR, INC., a Delaware
     Corporation; MUHAMMAD ZIAULLAH      Trial Date:      Not Set
20   CHISHTI, an individual; HUAFENG     Action Filed:    March 12, 2007
     "CHARLES" WEN, an individual; PETER
21   RIEPENHAUSEN, an individual;
     ARTHUR T. TAYLOR, an individual;
22   SAIYED ATIQ RAZA, an individual;
     CHRISTOPHER KAWAJA, an individual;
23   PATRICIA HUMELL SEIFERT, an
     individual; JOSEPH BREELAND, an
24   individual; MUDASSAR RATHORE, an
     individual; PAUL BADAWI, an
25   individual; 3i Technology Partners III LP;
     and DOES 1 through 25, inclusive,
26
              Defendants.
27

28

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1

**NOTICE OF MOTION AND MOTION**

2

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3

PLEASE TAKE NOTICE that on December 7, 2007, at 9:00 a.m., or as soon thereafter as

4

the matter may be heard, before the Honorable Jeffrey S. White, United States District Judge, in

5

Courtroom 2 of the above-entitled court, Defendants Ocumenta Capital Holdings, Inc., formerly

6

known as OrthoClear Holdings, Inc., Ocumenta, Inc., formerly known as OrthoClear, Inc., and

7

Muhammad Ziaullah Chishti, Huafeng "Charles" Wen, Peter Riepenhausen, Arthur T. Taylor,

8

Saiyed Atiq Raza and Joseph Breeland will and hereby do move to dismiss Counts I-VII and IX

9

of plaintiffs' Second Amended Complaint.

10

This motion will be based on this Notice of Motion and Motion, the attached

11

Memorandum of Points and Authorities, the accompanying Declaration of Charles R. Rice and

12

Request for Judicial Notice, the complete files and records herein, and the argument and other

13

evidence to be presented at the hearing of this matter.

14

DATED:          October 26, 2007          SHARTSIS FRIESE LLP

15

16

By:                      */s/ Charles R. Rice*
                                CHARLES R. RICE

17

18

Attorneys for Defendants
OCUMENTA CAPITAL HOLDINGS, INC.,
formerly known as OrthoClear Holdings, Inc.,

19

OCUMENTA, INC., formerly known as
OrthoClear, Inc., MUHAMMAD ZIAULLAH

20

CHISHTI, HUAFENG "CHARLES" WEN,
PETER RIEPENHAUSEN, ARTHUR T.

21

TAYLOR, SAIYED ATIQ RAZA, and
JOSEPH BREELAND

22

23

24

25

26

27

28

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

SUMMARY OF ARGUMENT ........................................................................................... iv

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................... 1

I.    SUMMARY OF SECOND AMENDED COMPLAINT ........................................... 1

    A.    The Parties ................................................................................................ 1

    B.    Plaintiffs' Allegations ............................................................................. 1

II.    ARGUMENT ............................................................................................................ 2

    A.    Plaintiffs Have Failed To State a 10b-5 Claim. ....................................... 2

        1.    OrthoClear disclosed the risks of the Align litigation .................. 3

        2.    Plaintiffs have not alleged actual reliance on any statements other than those in the Purchase Agreements ........................................ 5

        3.    Plaintiffs have not stated particular facts that create a strong inference of falsity or scienter. ..................................................... 6

        4.    Plaintiffs have not stated particular facts to support their allegations on information and belief. ............................................................. 8

    B.    Plaintiffs Have Failed To State A Claim For Intentional Misrepresentation .......... 9

    C.    Plaintiffs Have Failed To State A Claim For Negligent Misrepresentation ......... 10

    D.    Plaintiffs' Claims For Breach Of Fiduciary Duty And For Certain Statutory Violation Are Derivative Claims That Do Not Satisfy The Pleading Requirements For Such Claims ................................................................. 10

    E.    Plaintiffs' Claims For Lack Of Registration Under Federal Law And Lack Of Qualification Under California Law Fail To Provide Adequate Notice Of The Alleged Wrongdoing ...................................................................... 11

    F.    The Nonregistration Claims Are Largely Time-Barred ......................... 12

    G.    Plaintiffs Fail To State Any Claims Against Any Of The D&O Defendants ....... 13

III.    CONCLUSION ...................................................................................................... 15

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

Case No.
C 07-01429 JSW    NOTICE OF MOTION AND MOTION TO DISMISS SECOND
AMENDED COMPLAINT; POINTS AND AUTHORITIES

1

## **TABLE OF AUTHORITIES**

2

### **FEDERAL CASES**

3

*Basic Inc. v. Levinson*,
    485 U.S. 224 (1988) ................................................................. 5

4

*Bell Atlantic Corp. v. Twombley*,
    127 S. Ct. 1955 (2007) ........................................................... 12

5

6

*Binder v. Gillespie*,
    184 F.3d 1059 (9th Cir. 1999) ................................................ 5

7

*In re Boston Scientific Corp. Sec. Litig.*,
    490 F. Supp. 2d 142 (D. Mass. 2007) .................................... 5

8

9

*In re Cornerstone Propane Partners, L.P. Sec. Litig*,
    416 F. Supp. 2d 779 (N.D. Cal. 2005) ................................... 14

10

*In re Ditech Communs. Corp. Secs. Litig.*,
    2007 U.S. Dist. LEXIS 26547 (N.D. Cal. 2007) ................ 3, 6

11

*Glenbrook Capital L.P. v. Kuo*,
    2007 U.S. Dist. LEXIS 68353 (N.D. Cal. 2007) ............... 9, 11

12

13

*In re Glenfed, Inc. Sec. Litig.*,
    42 F.3d 1541 (9th Cir. 1994) ................................................. 7

14

*Kuehbeck v. Genesis Microchip, Inc.*,
    2005 U.S. Dist. LEXIS 20213 (N.D. Cal. 2005) .................... 7

15

16

*Lubin v. Sybedon Corp.*,
    688 F. Supp. 1425 (S.D. Cal. 1988) ..................................... 13

17

*Meadows v. Pacific Inland Securities Corp.*,
    36 F. Supp. 2d 1240 (S.D.N.Y. 1999) .................................. 13

18

19

*In re Netopia, Inc. Sec. Litig.*,
    2005 U.S. Dist. LEXIS 38823 (N.D. Cal. 2005) .................. 14

20

*In re NextCard, Inc. Sec. Litig.*,
    2006 U.S. Dist. LEXIS 16156 (N.D. Cal. 2006) .................. 14

21

22

*In re Read-Rite Corp. Sec. Litig.*,
    335 F.3d 843 (9th Cir. 2003) ................................................. 3

23

*In re Rexplore, Inc.*,
    671 F. Supp. 679 (N.D. Cal. 1987) ................................. 12, 13

24

25

*Sax v. World Wide Press, Inc.*,
    809 F.2d 610 (9th Cir. 1987) ............................................... 10

26

*In re SeaChange Int'l*,
    2004 U.S. Dist. LEXIS 1687 (D. Mass. 2004) ...................... 5

27

28

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

Case No.
C 07-01429 JSW

NOTICE OF MOTION AND MOTION TO DISMISS SECOND
AMENDED COMPLAINT; POINTS AND AUTHORITIES

*In re Silicon Graphics Sec. Litig.*,
 183 F.3d 970 (9th Cir. 1999)................................................ 7, 8, 9

*Southland Securities Corp. v. INSPIRE Insurance Solutions, Inc.*,
 365 F.3d 353 (5th Cir. 2004) .................................................. 13

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
 127 S. Ct. 2499 (2007) ................................................ 3, 4, 5, 8

*In re Tibco Software, Inc.*,
 2006 U.S. Dist. LEXIS 36666 (N.D. Cal. 2006)......................... 14

*In re Van Wagoner Funds, Inc. Sec. Litig.*,
 382 F. Supp. 2d 1173 (N.D. Cal. 2004) .................................... 6

*In re Verisign, Inc. Deriv. Litig.*,
 2007 U.S. Dist. LEXIS 72341 (N.D.Cal. 2007)......................... 12

*In re Versant Object Tech. Corp. Secs. Litig.*,
 2000 U.S. Dist. LEXIS 22333 (N.D. Cal. 2000)......................... 9

*Winer Family Trust v. Queen*,
 2007 U.S. App. LEXIS 22620 (3d. Cir. 2007)........................... 13

*Wool v. Tandem*,
 818 F.2d 1433 (9th Cir. 1987)............................................... 13

*Yourish v. California Amplifier*,
 191 F.3d 983 (9th Cir. 1999)................................................ 7

**STATE CASES**

*Gemstar Ltd. v. Ernst & Young*,
 901 P.2d 1178 (Ariz. Ct. App. 1995) ...................................... 11

*Mirkin v. Wasserman*,
 5 Cal. 4th 1082 (1993) ........................................................ 10

*Schuster v. Gardner*,
 127 Cal. App. 4th 305 (2005) ............................................... 11

*Small v. Fritz Companies, Inc.*,
 30 Cal. 4th 167 (2003) ..................................................... 9, 10

**STATUTES**

FRCP 8(a)(2) ...................................................................... 12
FRCP 9(b) ........................................................................ iv, 6
FRCP 12(b)(6) ..................................................................... iv
FRCP 23.1 .......................................................................... 11
15 U.S.C. § 77m .................................................................. 12
15 U.S.C. § 78u-4(b)(1)(B) .................................................. 2, 8
15 U.S.C. § 78u-4(b)(2) ......................................................... 2

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- iii -

NOTICE OF MOTION AND MOTION TO DISMISS SECOND
AMENDED COMPLAINT; POINTS AND AUTHORITIES

## SUMMARY OF ARGUMENT

Defendants Ocumenta Capital Holdings, Inc., formerly known as OrthoClear Holdings, Inc. ("OrthoClear Holdings"), Ocumenta, Inc., formerly known as OrthoClear, Inc. (collectively, "OrthoClear"), and Muhammad Ziaullah Chishti, Huafeng "Charles" Wen, Peter Riepenhausen, Arthur T. Taylor, Saiyed Atiq Raza and Joseph Breeland (collectively "D&O Defendants") move, pursuant to FRCP 12(b)(6), to dismiss all of the claims against them herein for failure to state a claim upon which relief can be granted.

Plaintiffs are preferred shareholders of OrthoClear Holdings who claim that they were misled – both before and after their investments – by defendants' statements about multiple lawsuits against OrthoClear by Align Technologies, Inc. ("Align"), its largest competitor. Plaintiffs allege that the ultimate settlement with Align in September 2006 shows that defendants must have known that OrthoClear Holdings had supposedly engaged in "wholesale theft" of Align's intellectual property before it began selling preferred shares in April 2005. *Second Amended Complaint ("SAC"), para. 2.*

Plaintiffs' charges, however, are simply "fraud by hindsight" allegations that are not based on any particular facts, such as insider trading or inconsistent contemporaneous statements, that might support a strong inference of scienter or even falsity. Accordingly, these fraud charges fail to meet the heightened pleading standards of the Private Securities Litigation Reform Act or even the long-standing requirements of FRCP 9(b). In addition:

- Plaintiffs do not satisfy the reliance requirements for their common law claims for intentional and negligent misrepresentation.
- Plaintiffs' claims for breach of fiduciary duty and for certain statutory violations are derivative claims that do not satisfy the "demand" and other procedural requirements for such claims.
- Plaintiffs have not alleged any grounds for asserting that OrthoClear's preferred shares should have been registered with the SEC or qualified with the California Department of Corporations.
- Plaintiffs' nonregistration claims are largely time-barred.
- Plaintiffs do not state a claim against any of the D&O Defendants.

Accordingly, OrthoClear and the D&O Defendants respectfully request dismissal of all claims against them.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

Shartsis Friese LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   SUMMARY OF SECOND AMENDED COMPLAINT

### A.   The Parties

Plaintiffs Lori and Peter Silcher purchased Class A preferred shares of OrthoClear Holdings in April and June 2005, and Plaintiff Michael Eshelman purchased Class B preferred shares in October 2005 and Class C preferred shares in March 2006.  *SAC, paras. 13-15.*  They purport to represent a class of all purchasers of Class A, B or C preferred shares other than defendants.  *Id., paras. 121-22.*

Plaintiffs have sued Defendant OrthoClear Holdings, which was organized under the laws of the British Virgin Islands, and OrthoClear, Inc., its wholly owned subsidiary that was incorporated in Delaware.  *Id., paras. 16-17.*  They have also sued nine individuals who are alleged to have been officers and/or directors of OrthoClear Holdings or one of its subsidiaries.[1]  *SAC, paras. 18-25.*  But only two (Chishti and Wen) are alleged to have been both directors and officers of OrthoClear Holdings.  *Id., paras. 18 and 20.*  Three others (Riepenhausen, Taylor and Raza) are alleged to have been directors but not officers of OrthoClear Holdings.  *Id., paras. 19 and 21-22.*  The other four (Kawaja, Seifert, Breeland and Rathore) were allegedly officers but not directors of OrthoClear Holdings or a subsidiary.  *Id., paras. 23-26.*  In addition, three (Taylor, Raza and Seifert) are not alleged to have had prior relationship with Align.  *Id., para. 23.*

### B.   Plaintiffs' Allegations

Plaintiffs allege that OrthoClear and the D&O Defendants "falsely characterized as meritless the claims underlying multiple lawsuits and proceedings brought against the Company by Align, Inc."  *Id., para. 1.*  They also assert that the D&O Defendants, by virtue of their prior positions with Align, "knew or should have known that OrthoClear's **entire business** was based upon the **wholesale theft** of intellectual property" from Align.  *Id., para. 2* (emphasis added).  But plaintiffs never try to support such conclusory allegations with any particular facts about how OrthoClear supposedly infringed on any Align patent or trade secret.  They do not even identify a

---

[1]      Mr. Kawaja and Ms. Seifert, who are separately represented, join in this motion. Mr. Rathore, a resident of Pakistan, has apparently not been served with process.

| Case No. | NOTICE OF MOTION AND MOTION TO DISMISS SECOND |
| C 07-01429 JSW | AMENDED COMPLAINT; POINTS AND AUTHORITIES |

1    single secret product or process that was allegedly stolen.

2            According to plaintiffs, OrthoClear and the D&O Defendants made the alleged

3    misrepresentations in the Purchase Agreements for the Series A, B and C preferred shares and in

4    various press releases and other public statements that were made before and after plaintiffs'

5    investments.  *Id., paras. 3-4 and 69-86.*  Plaintiffs do not allege, however, that any of them

6    actually received and relied upon any particular statements that were not in the Purchase

7    Agreements.  Nor do they explain how they could have been injured by any post-purchase

8    statements, especially when they do not allege any public market for their shares.

9            Plaintiffs also assert that OrthoClear and the D&O Defendants made certain other

10   allegedly misleading statements about (1) the prospects for an initial public offering; (2) the

11   issuance of Class D preferred shares to defendant 3i Technology Partners III, L.P. ("3i

12   Technology") in the summer of 2006; (3) and the settlement with Align in the fall of 2006.  *Id.,*

13   *paras. 86-88 and 98-99.*  Plaintiffs do not allege, however, what they would have done but for

14   such alleged misrepresentations, which all occurred **after** their purchases of preferred shares.

15           Finally, plaintiffs assert that the return of the bulk of Defendant 3i Technology's

16   investment was a breach of OrthoClear Holdings' Memorandum of Association and of the D&O

17   Defendants' fiduciary duties.  *Id., paras. 8 and 109-11.*  But this derivative claim does not satisfy

18   the "demand" and other procedural requirements for such claims, and it simply ignores 3i

19   Technology's liquidation preference under the Memorandum of Association.  *See Defendant 3i*

20   *Technology's Motion to Dismiss at 2, 4-5 and 8-10.*

21   **II.    ARGUMENT**

22           **A.    Plaintiffs Have Failed To State a 10b-5 Claim**

23           The Private Securities Litigation Reform Act ("PSLRA") requires that claims under

24   section 10(b) and Rule 10b-5 must "state with particularity facts giving rise to a strong inference

25   that the defendants acted with the required state of mind."  *15 U.S.C. § 78u-4(b)(2).*  In addition,

26   "if an allegation regarding the statement or omission is made on information and belief, the

27   complaint shall state with particularity all facts on which that belief is formed."  *15 U.S.C. § 78u-*

28   *4(b)(1)(B).*

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

Case No.
C 07-01429 JSW
NOTICE OF MOTION AND MOTION TO DISMISS SECOND
AMENDED COMPLAINT; POINTS AND AUTHORITIES

These heightened pleading standards were "intended to put an end to securities fraud lawsuits that plead 'fraud by hindsight' … by requiring that a complaint plead with particularity both falsity and scienter." *In re Ditech Communs. Corp. Secs. Litig.*, 2007 U.S. Dist. LEXIS 26547 at *13-14 (N.D. Cal. 2007) (White, J.). Accordingly, in considering a Rule 12(b)(6) motion, a court "must determine whether particular facts in the complaint, taken as a whole, raise a strong inference that defendants intentionally or [with] deliberate recklessness made false or misleading statements to investors." *In re Read-Rite Corp. Sec. Litig.,* 335 F.3d 843, 846 (9th Cir. 2003).

The U.S. Supreme Court has recently clarified that the required "strong inference" of scienter "must be more than merely plausible or reasonable – **it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent**." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 127 S. Ct. 2499, 2504-05 (2007) (emphasis added).

> The inquiry … is whether *all* of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard. …
>
> To determine whether the plaintiff has alleged facts that give rise to the requisite "strong inference" of scienter, **a court must consider plausible nonculpable explanations for the defendant's conduct**, as well as inferences favoring the plaintiff.

*Id.* at 2509-10 (italics in original, bold added).

### 1.    OrthoClear disclosed the risks of the Align litigation.

Plaintiffs allege that OrthoClear and the D&O Defendants misrepresented the risks of the Align litigation, but the relevant Purchase Agreements, which are referenced in the Second Amended Complaint, show that OrthoClear disclosed those risks and that plaintiffs were experienced investors who understood and accepted those risks. *See SAC, para. 7; Class A Preferred Shares Purchase Agreement and Schedule of Exceptions.*[2]

---

[2]    OrthoClear and the D&O Defendants respectfully request the Court to take judicial notice of these Purchase Agreements, which are attached to the accompanying Declaration of Charles R. Rice in Support of Motion to Dismiss Second Amended Complaint ("Rice Dec."). *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. at 2509 (on motion to dismiss, "courts must consider the complaint in its entirety, as well as … documents incorporated into the complaint by reference and matters of which a court may take judicial notice").

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

In particular, each purchaser represented and warranted that:

> Such Investor is experienced in evaluating and investing in securities of companies in the development stage and acknowledges that it is able to fend for itself, can bear the economic risk of its investment, and has such knowledge and experience in financial and business matters that it is capable of evaluating the merits and risks of the investment …

*Class A Preferred Shares Purchase Agreement, para. 3.5*.[3]  All purchasers further represented and warranted that they understood that:

> The Company is a relatively new company.  The purchase of the Shares should be considered highly speculative and as entailing a high degree of risk.  The purchase of the Shares is suitable only for persons of substantial financial means who can afford the complete loss of their investment, and who have no need for liquidity in this investment.  EACH INVESTOR COULD LOSE HIS OR HER ENTIRE INVESTMENT.

*Id., para. 4.1*.  Purchasers also acknowledged various specific risks, including OrthoClear's lack of operating history, the absence of a public market for its shares, the inherently risky nature of its business and its dependence on its intellectual property rights.  *Id., paras. 4.2-4.16*.

Most importantly, all purchasers expressly acknowledged that they understood that "the Company has been sued by Align" and that

> If a final determination is rendered against the Company in the Align Litigation (i.e., if the Company should lose the Align Litigation in any way), or if the Company suffers interim adverse rulings before a final determination is made, such an outcome could have a **substantial adverse effect on the Company and on any investment in shares**.

*Id., para. 4.17* (emphasis added).  Each Purchase Agreement also contained a Schedule of Exceptions that described the current state of the Align litigation, which expanded into multiple forums over time, and concluded with the following warning:

> **The outcome of this [Align] litigation is unknown**.  Any outcome or interim decision of the Court that is adverse to the Company … could have a significant adverse impact on the Company, including, without limitation, its ability to conduct its business, and any

---

[3]   As plaintiffs concede, similar disclosures appear in the Series B and Series C Purchase Agreements, which are attached to the Rice Declaration as Exhibits B and C, respectively.  *SAC, para. 75*.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

investment in the Company therefore is made with the risk that **some or all of such investment may be lost in the event of such an adverse ruling or outcome** and the consequences that will flow from it.

*Id., Schedule of Exceptions, para. 2.10* (emphasis added).

Very similar disclosures about pending litigation that later settled on unfavorable terms were held to be not actionable in a recent federal case, because "loss resulting from the materialization of a disclosed risk does not support a claim of securities fraud." *In re Boston Scientific Corp. Sec. Litig.,* 490 F. Supp. 2d 142, 154 (D. Mass. 2007). The court stressed that the company "was only obligated to mention the litigation in general descriptive terms, as required by Item 103 of Regulation S-K" and "was not obligated to predict the outcome or estimate the impact." *Id.* at 153. *See also In re SeaChange Int'l*, 2004 U.S. Dist. LEXIS 1687 at *28 (D. Mass. 2004) ("given the well understood vagaries of litigation," general disclosure about litigation was not misleading).

Here, the Purchase Agreements did not predict the outcome of the Align litigation and specifically warned of its potential adverse consequences, including a possible loss of some or all investments. Under such circumstances, plaintiffs cannot cry fraud.

## 2. Plaintiffs have not alleged actual reliance on any statements other than those in the Purchase Agreements.

Plaintiffs have also asserted that a number of press releases and other public statements by OrthoClear between February 2005 and September 2006 are false or misleading. *See SAC, paras. 70 and 76-86* (statements about Align litigation), *paras. 87-88* (statements about investment by Defendant 3i Technology), *and paras. 91-98* (statements about Align settlement). Most of these statements were made **after** plaintiffs' investments, however, and they do not specifically allege that any of these statements actually induced anyone – much less the entire plaintiff class – to purchase any securities. Accordingly, the alleged misrepresentations that were not in the Purchase Agreements do not satisfy the "reliance" requirement for a 10b-5 claim.[4] *See Basic Inc.*

---

[4] Plaintiffs do not – and cannot – allege any of the factors that would justify a presumption of "fraud on the market" reliance. *See Binder v. Gillespie,* 184 F.3d 1059, 1064 (9th Cir. 1999). They cannot even allege any public market for their shares.

Case No.
C 07-01429 JSW

NOTICE OF MOTION AND MOTION TO DISMISS SECOND
AMENDED COMPLAINT; POINTS AND AUTHORITIES

*v. Levinson,* 485 U.S. 224, 243 (1988); *In re Van Wagoner Funds, Inc. Sec. Litig.,* 382 F. Supp. 2d 1173, 1187-88 (N.D. Cal. 2004) (White, J.) (plaintiffs failed to plead reliance with required particularity).

### 3. Plaintiffs have not stated particular facts that create a strong inference of falsity or scienter.

In essence, plaintiffs claim that the settlement of the Align litigation compels the conclusion that OrthoClear and each of the D&O Defendants "knew or should have known that OrthoClear's entire business was based upon the **wholesale theft** of intellectual property" and that "**virtually every aspect** of OrthoClear's business derived from Align's protected intellectual property." *SAC, para. 2* (emphasis added). But plaintiffs' allegations about that settlement – *i.e.,* that Align paid **$20 million** to OrthoClear "in exchange for OrthoClear's agreement to cease accepting patients worldwide, and provide an assignment of all its intellectual property … to Align" (*SAC, para. 91*) – do not show that anyone was guilty of anything. To the contrary, these allegations show that Align paid a substantial price to buy OrthoClear's intellectual property and avoid its competition – something it would never have done if, as alleged, "virtually every aspect of OrthoClear's business" was derived from "wholesale theft" from Align.

Significantly, plaintiffs do not allege any particular facts beyond the Align settlement itself that even arguably might support an inference of falsity and scienter.[5] Plaintiffs never even plead any particular facts that show that there actually was any theft of Align's intellectual property – and certainly no facts that show there was wholesale theft and fraud as claimed. Instead, plaintiffs rely entirely on the alleged difference between defendants' statements about the Align litigation and the actual results, but that is exactly the sort of speculative "fraud by hindsight" pleading that is now barred by the PSLRA. *See In re Ditech*, 2007 U.S. Dist. LEXIS 26547 at *13-14.

Even before the PSLRA was enacted, FRCP 9(b) required fraud plaintiffs to "set forth an

---

[5]     Plaintiffs allege that scienter is shown by Align's prior employment of some of the D&O Defendants and by the supposed speed with which OrthoClear brought its product to market. *SAC at 34.* But these allegations do not support any inference of wrongdoing – much less a strong inference. Plaintiffs never allege that any such information was ever concealed from them, so they apparently did not think such information was evidence of fraud when they invested.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

explanation as to why the statement or omission complained of was false or misleading" **when made**, and the "fact that an allegedly fraudulent statement and a later statement are *different* does not necessarily amount to an explanation as to why the earlier statement was false."  *In re Glenfed, Inc. Sec. Litig.,* 42 F.3d 1541, 1548 (9th Cir. 1994) (emphasis in original).

> What makes many securities fraud cases more complicated is that often there is no reason to assume that what is true at the moment plaintiff discovers it was also true at the moment of the alleged misrepresentation, and that therefore simply because the alleged misrepresentation conflicts with the current state of the facts, the charged statement must have been false... [Accordingly,] a plaintiff must set forth, as part of the circumstances constituting fraud, an explanation as to why the disputed statement was untrue or misleading *when made*.  This can be done most directly by pointing to inconsistent contemporaneous statements or information (such as internal reports) which were made by or available to the defendants.

*Id.* at 1548-49 (emphasis in original).  *Accord*, *Yourish v. California Amplifier*, 191 F.3d 983, 994 (9th Cir. 1999).

Here, plaintiffs rely solely on the asserted difference between defendants' alleged statements before and after the Align settlement, despite gaps ranging from six months to more than a year, because they cannot show any **contemporaneous** statements or actions that were inconsistent with the disclosures to investors.  In fact, they have not alleged a single negative internal report or any other contemporaneous communication that creates any inference of scienter.[6]  *See Kuehbeck v. Genesis Microchip, Inc.,* 2005 U.S. Dist. LEXIS 20213 at *30 (N.D. Cal. 2005) (White, J.) (plaintiff failed to meet PSLRA pleading burden because, *inter alia,* she "has not identified specific internal reports that would have provided Defendants with particularized and detailed information" that was inconsistent with allegedly misleading statements).  Plaintiffs do not even describe what OrthoClear supposedly stole from Align with any particularity.

---

[6]     Plaintiffs make a brief, boilerplate allegation on information and belief about unidentified "internal corporate documents" and "communications with other corporate officers and employees."  *SAC, para. 31*.  As discussed further in the next section, however, such conclusory, unsupported allegations on information and belief are not sufficient to state a claim.  *See In re Silicon Graphics Sec. Litig.,* 183 F.3d 970, 984 (9th Cir. 1999) ("mere boilerplate pleadings" about negative internal reports "will rarely, if ever, … satisfy the PSLRA's particularity requirement").

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

NOTICE OF MOTION AND MOTION TO DISMISS SECOND
AMENDED COMPLAINT; POINTS AND AUTHORITIES

In addition, plaintiffs do not allege any contemporaneous **actions** by OrthoClear or any D&O Defendant that are inconsistent with their alleged statements about the Align litigation.  For example, they do not allege that any D&O Defendant sold any OrthoClear shares at suspicious times or in suspicious amounts.  In fact, they do not allege any insider trading at all, and they avoid any mention of the D&O Defendants' investments in OrthoClear.

In summary, considering the complaint in its entirety and the documents that it cites, plaintiffs' proposed inference of scienter is neither cogent nor compelling.  It is not even plausible.  Why would OrthoClear's management have invested their own time and money if they supposedly knew that they were always doomed to lose the Align litigation?  Why would Align pay $20 million for OrthoClear's intellectual property if it was simply the ill-gotten gains of "wholesale theft"?  Given these questions, and the "plausible nonculpable explanations for the defendant's conduct" – such as the costs and uncertainties of very aggressive multi-front litigation, which were fully disclosed to investors as described above – plaintiffs' 10b-5 claim must be dismissed.  *See Tellabs, Inc.*, *127 S. Ct. at 2510.*

### 4.   Plaintiffs have not stated particular facts to support their allegations on information and belief.

As noted above, the PSLRA expressly requires that, "if an allegation is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed."  *15 U.S.C. § 78u-4(b)(1)(B).*  Accordingly, a plaintiff who makes such allegations "must provide all the facts forming the basis for her belief in great detail."  *In re Silicon Graphics Sec. Litig.,* 183 F.3d 970, 983 (9th Cir. 1999).  A broad boilerplate allegation about plaintiff counsel's investigation that lacks "adequate corroborating details" is not sufficient.  *Id.* at 985.  Nor is a conclusory allegation about negative internal reports that does not specify the contents, authors, recipients and sources of information.  *Id.* at 984.

Plaintiffs have repeated the very same practices that were condemned in *Silicon Graphics.*  All of their allegations, other than those about "themselves and their own acts," are made on information and belief.  *SAC at 1.*  And all of their information and belief allegations are attributed without any differentiation to their attorneys' investigation of OrthoClear's statements

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

to investors, unspecified litigation filings and other unidentified "public documents." *Id. at 1:8-14.* Finally, none of the allegations on information and belief about the supposed wholesale theft and fraud identify any particular source or provide any corroborating factual details.

Such pleading does not satisfy the PSLRA because plaintiffs have not identified "all the facts forming the basis for [their] belief in great detail." *Silicon Graphics,* 183 F.3d at 983. *See also In re Versant Object Tech. Corp. Secs. Litig.,* 2000 U.S. Dist. LEXIS 22333 at *15-18 (N.D. Cal. 2000) (Wilken, J.) (dismissing complaint with similar boilerplate paragraph re "Basis of Allegations" that failed to specify all facts supporting each information and belief allegation); *Glenbrook Capital L.P. v. Kuo,* 2007 U.S. Dist. LEXIS at *19-22 (N.D. Cal. 2007) (Jenkins, J.) (information and belief allegations were insufficient because plaintiff did not "provide, in great detail, all the relevant facts forming the basis of his belief").

## B.    Plaintiffs Have Failed To State A Claim For Intentional Misrepresentation

Count III alleges that, after plaintiffs had already invested, OrthoClear and the D&O Defendants intentionally misrepresented material facts about the Align settlement and that "Plaintiffs reasonably relied on these misrepresentations by not taking further actions to **obtain a return of their funds**." *SAC, para. 142* (emphasis added). Such a vague, conclusory allegation about post-purchase statements does not satisfy the reliance requirements under California law for this attempted "holder's action" for fraud.

In *Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167, 171 (2003), the California Supreme Court held that a stockholder could sue for fraud or negligent misrepresentation by the corporation and its managers only if his allegations "make a bona fide showing of actual reliance upon the misrepresentations." But it placed "limits on the cause of action" in order to avoid "encouraging nonmeritorious suits." *Id.* at 183.

> **In a holder's action a plaintiff must allege specific reliance on the defendants' representations:** for example, that if the plaintiff had read a truthful account of the corporation's financial status the plaintiff would have sold the stock, **how many shares the plaintiff would have sold, and when the sale would have taken place.** The plaintiff must allege actions, as distinguished from unspoken and unrecorded thoughts and decisions, that would indicate that the plaintiff actually relied on the misrepresentations.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

*Id.* at 184 (emphasis added).

Here, plaintiffs have not made the required "bona fide showing of actual reliance upon the misrepresentations." *Id.* at 171.  They do not – and cannot – allege that they would have sold their preferred shares but for such statements, because there was no public market, so they cannot satisfy the reliance requirements of California law for their "holder's action."

### C.   Plaintiffs Have Failed To State A Claim For Negligent Misrepresentation

Count IV alleges that OrthoClear and the D&O Defendants negligently misrepresented the Align litigation and settlement and the prospects for an initial public offering.  *SAC, paras. 148-51.*  It also alleges in broad, conclusory terms that "Plaintiffs reasonably relied on these misrepresentations and/or omissions by purchasing or otherwise acquiring OrthoClear Holdings securities that were ultimately worthless." *Id., para. 153.*

Plaintiffs never specifically allege, however, that they purchased any securities in reliance on any particular statements, and most of the alleged statements occurred after some or all of plaintiffs' investments.  In fact, the Second Amended Complaint does not even allege that any plaintiff – much less the whole class – actually read or heard any of these statements.  Accordingly, plaintiffs have not alleged actual reliance on any negligent misrepresentation, so this claim must be dismissed.  *See Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1087 (1993)**.**

### D.   Plaintiffs' Claims For Breach Of Fiduciary Duty And For Certain Statutory Violation Are Derivative Claims That Do Not Satisfy The Pleading Requirements For Such Claims

Plaintiffs' claims for breach of fiduciary duty and for violation of BVI Companies Act §121 and California Corporations Code §2116 are based primarily on OrthoClear's distribution to Defendant 3i Technology, as the most senior preferred shareholder, in March 2007.  *SAC at 36-38* (Counts V, VI and VII).  These claims are derivative, however, because this allegedly wrongful distribution was made by the corporation, not by just the Series A, B and C preferred shareholders.

An action is derivative, not direct, "if the gravamen of the complaint is injury to the corporation, or to the whole body of its stock or property without any severance or distribution among individual holders." *Sax v. World Wide Press, Inc.,* 809 F.2d 610, 613 (9th Cir. 1987).

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 10 -

The two actions are mutually exclusive: i.e., the right of action and recovery belongs either to the *shareholders* (direct action) or to the *corporation* (derivative action).

*Schuster v. Gardner,* 127 Cal. App. 4th 305, 312 (2005) (emphasis in original). *See also Gemstar Ltd. v. Ernst & Young,* 901 P.2d 1178, 1189 (Ariz. Ct. App. 1995) (dismissing direct claim by shareholders of British Virgin Islands company because, "under the generally accepted corporate law of both Arizona and the British Virgin Islands, they had no cognizable, individual injury from defendants' alleged wrongdoing" but were instead trying to recover corporate assets that were allegedly "diverted as a result of defendants' conduct"), *vacated on other grounds,* 917 P.2d 222 (1996).

Counts V, VI and VII are derivative claims because any alleged injury from the distribution to 3i Technology was suffered by OrthoClear Holdings as a whole, and the only damages to plaintiffs were the alleged loss of value of their investment in the company. Plaintiffs have not satisfied the "demand" and other procedural requirements for such derivative claims, however, so these counts must be dismissed. *See FRCP 23.1*; *Glenbrook Capital L.P. v. Kuo,* 2007 U.S. Dist. LEXIS 68353 at *41 (N.D. Cal. 2007).

E.   **Plaintiffs' Claims For Lack Of Registration Under Federal Law And Lack Of Qualification Under California Law Fail To Provide Adequate Notice Of The Alleged Wrongdoing**

Count II alleges that OrthoClear and the D&O Defendants "sold or offered to sell securities to members of the Class in the absence of a registration statement" in violation of Section 12(a)(1) of the Securities Act of 1933, but it never alleges any facts that would have required such a registration statement. *SAC at 41.* Similarly, Count IX alleges that the preferred shares at issue "had not been qualified" with the California Commissioner of Corporations and that, "[u]pon information and belief, these securities were not exempt" from such qualification, but it does not allege any facts that would have required qualification. *Id. at 46-47.*

The Purchase Agreements explicitly state that, "In selling the Shares, the Company intends to rely on federal and state securities exemptions from registration and qualification requirements available for private placement of securities." *See, e.g., Rice Dec., Ex. A: Series A Purchase Agreement, para. 4.15.* Plaintiffs do not allege any facts that would vitiate the expected

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

NOTICE OF MOTION AND MOTION TO DISMISS SECOND
AMENDED COMPLAINT; POINTS AND AUTHORITIES

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

"private placement" exemptions.

Such conclusory pleading does not satisfy FRCP 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

> [A] plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do… Factual allegations must be enough to raise a right to relief above the speculative level…
>
> Rule 8(a) still requires a "showing," rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Bell Atlantic Corp. v. Twombley,* 127 S. Ct. 1955, 1964-65 & n. 3 (2007).  *Accord, In re Verisign, Inc. Deriv. Litig.*, 2007 U.S. Dist. LEXIS 72341 at *26 (N.D.Cal. 2007) ("motion to dismiss should be granted if the complaint fails to proffer enough facts to state a claim for relief that is plausible on its face").

Counts II and IX do not satisfy FRCP 8(a)(2) because they do not provide fair notice of the claims or any grounds for asserting that the securities in question were not exempt from registration and qualification.  Accordingly, both these claims should be dismissed.

### F.    The Nonregistration Claims Are Largely Time-Barred

In addition, most of plaintiffs' claims for violation of the federal registration requirements (*i.e.*, Count II) are barred by the applicable statute of limitations.  Such claims must be brought "within one year after the violation [*i.e.*, the purchase or sale of an unregistered security] upon which it is based."  *See 15 U.S.C. 77m.*  According to most federal courts, including one in this district, this one-year bar is absolute and is not subject to equitable tolling.  *See, e.g., In re Rexplore, Inc.*, 671 F. Supp. 679, 687 (N.D. Cal. 1987) (Jensen, J.).

> In the opinion of this Court **the statutory language compels the conclusion that the equitable tolling doctrine was not intended to apply to section 12(1) claims**.  The statute specifically provides for accrual upon discovery for section 12(2) claims … to be absolute.  Additionally, since the registration, or lack thereof, of securities is a public record and easily discovered, it is inappropriate to apply the equitable tolling doctrine to a claim brought for failure to register securities.

*Id.* (emphasis added).  *Accord*, *Meadows v. Pacific Inland Securities Corp*., 36 F. Supp. 2d 1240, 1251 (S.D.N.Y. 1999) ("actual language of the statute is a sound reason for finding that the equitable tolling doctrine should not apply"); *Lubin v. Sybedon Corp*., 688 F. Supp. 1425, 1451 (S.D. Cal. 1988) ("the one-year inner limit is absolute and not subject to equitable tolling").

Here, all of the alleged purchases by the named plaintiffs, with only one exception,[7] occurred more than one year before their initial complaint was filed in March 2007.  *SAC, paras. 13-15.*  Accordingly, two of the three named plaintiffs and most of the purported class[8] are time-barred from bringing a nonregistration claim.

### G.   Plaintiffs Fail To State Any Claims Against Any Of The D&O Defendants

Plaintiffs allege that it "is appropriate to treat the D&O Defendants collectively as a group for pleading purposes," because, "by virtue of their high-level positions within OrthoClear," they all supposedly "directly participated in the management of OrthoClear, were directly involved in the day-to-day operations of the company at the highest levels, and were privy to confidential proprietary information." *SAC, para. 32.*  Plaintiffs do not, however, provide any factual details to support these broad, conclusory allegations.

Plaintiffs are apparently trying to rely on the "group published" or "group pleading" doctrine. *See Wool v. Tandem*, 818 F.2d 1433, 1440 (9th Cir. 1987).  But most courts that have expressly decided this issue have concluded that this doctrine is inconsistent with the PSLRA. *See, e.g., Southland Securities Corp. v. INSPIRE Insurance Solutions, Inc.,* 365 F.3d 353, 365 (5th Cir. 2004) ("PSLRA requires the plaintiffs to 'distinguish among those they sue and enlighten *each defendant* as to his or her particular part in the alleged fraud'") (emphasis in original); *Winer Family Trust v. Queen*, 2007 U.S. App. LEXIS 22620 at *47 (3d. Cir. 2007) ("group pleading doctrine is no longer viable … after the enactment of the PSLRA").  For example, Judge Fogel has explained:

---

[7]      Plaintiff Eshelman allegedly purchased approximately $100,000 of Class C preferred shares on March 13, 2006 – only one day less than one year before his initial complaint was filed on March 12, 2007. *SAC, para. 13.*

[8]      Plaintiffs allege that Class A preferred shares were allegedly offered to investors in April 2005, Class B preferred shares in October and November 2005 and Class C preferred shares in March 2006. *SAC, para. 68.*

NOTICE OF MOTION AND MOTION TO DISMISS SECOND
AMENDED COMPLAINT; POINTS AND AUTHORITIES

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

> This Court adopts the reasoning of the decisions concluding that the group published pleading doctrine is no longer viable after the PSLRA.  As noted by the Fifth Circuit [in *Southland*], it appears to be totally inconsistent with the particularity requirements of the PSLRA to hold corporate officers 'responsible for unattributed corporate statements solely on the basis of their titles, even if their general level of day-to-day involvement in the corporation's affairs is pleaded.

*In re NextCard, Inc. Sec. Litig.*, 2006 U.S. Dist. LEXIS 16156 at *11-12 (N.D. Cal. 2006). *Accord, In re Netopia, Inc. Sec. Litig.,* 2005 U.S. Dist. LEXIS 38823 at *6 (N.D. Cal. 2005) (Whyte, J.).

In *In re Tibco Software, Inc.,* 2006 U.S. Dist. LEXIS 36666 at * 82-84 (N.D. Cal. 2006), Judge Armstrong noted that "courts in this district are increasingly finding that the group pleading doctrine is contrary to the PSLRA" but found that it was unnecessary to reach that issue because the plaintiffs had not satisfied the requirements of that doctrine.

> Even under the group pleading doctrine, Plaintiffs still have to satisfy the particularity requirements of the PSLRA.... Specifically, Plaintiffs must plead that the officer was directly involved not only in the day-to-day affairs of the company in general but also in the preparation of its allegedly misleading statements in particular.

*Id. at *83.  Accord, In re Cornerstone Propane Partners, L.P. Sec. Litig*, 416 F. Supp. 2d 779, 788 (N.D. Cal. 2005) (Patel, J.) (group pleading "doctrine can only be applied in the most restrictive circumstances, if at all, i.e., where the pleading gives some basis for ascribing knowledge, participation or authorship, and/or control of the published information to an individual defendant").

Here, even if the Court concludes that the group pleading doctrine is still viable, plaintiffs have fallen far short of its requirements.  They never allege any particular facts about how each individual D&O Defendant was directly involved in the day-to-day management of OrthoClear, how they each participated with the required scienter in making the alleged misrepresentations or what or how they each knew about the alleged theft of Align's intellectual property.  As a result, their claims against the D&O Defendants should be dismissed, even if the group pleading doctrine is applied here.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

III.   **CONCLUSION**

Plaintiffs have not alleged particular facts that establish a strong inference of falsity and scienter, as required by the PSLRA, because they are simply alleging "fraud by hindsight." Given the lapse of time between the alleged statements about the Align litigation and the subsequent settlement, the disclosed costs and uncertainties of multi-front litigation, and the absence of any contemporaneous action or statement that is inconsistent with the disclosures to investors, plaintiffs have not met their pleading burden.

All of plaintiffs' other claims also suffer from pleading defects, as explained above, so OrthoClear and the D&O Defendants respectfully request the Court to dismiss all of the pending claims against them.

DATED:          October 26, 2007                    SHARTSIS FRIESE LLP


By:_____/s/ Charles R. Rice_____
                    CHARLES R. RICE

Attorneys for Above-Referenced Defendants

Case No.
C 07-01429 JSW                    NOTICE OF MOTION AND MOTION TO DISMISS SECOND
                                   AMENDED COMPLAINT; POINTS AND AUTHORITIES