IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL B. ESHELMAN, D.D.S.; PETER F. SILCHER, D.D.S.; and LORI SILCHER,

    Plaintiffs,

v.

ORTHOCLEAR HOLDINGS, INC. et al.,

    Defendants.

No. C 07-1429 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JANUARY 4, 2008 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively GRANTS** Defendant OrthoClear and the D&O Defendants' motion to dismiss without prejudice and **GRANTS** 3i and Badawi's motion to dismiss without prejudice.

The parties shall each have 20 minutes to address the following questions:

**OrthoClear and D&O Defendants' Motion to Dismiss**

1. Do Plaintiffs have any authority for the position that the difference between early statements about litigation and a subsequent settlement creates a strong inference of scienter?

2. On what basis can the Court take judicial notice of OrthoClear's letter to shareholders dated March 8, 2007 and attached as Exhibit A to the corrected declaration of James S. Nabwangu? Even if the Court may consider the letter, where do Plaintiffs allege in their complaint that they actually received and relied upon any alleged misrepresentations in the letter?

3. Does the time for tolling of the statute of limitations on the Section 12(a)(1) nonregistration claim require further discovery? Can the Court find a number of individuals' claims barred and still permit those plaintiffs to act as class representatives?

**3i and Badawi's Motion to Dismiss**

1. Are Plaintiffs' claims for breach of fiduciary duty against Badawi and constructive trust against 3i derivative in nature although they do not affect every class of shareholders?

2. Must the Court deem the Align settlement a "Deemed Liquidation Event" under British Virgin Islands law? May the Court address this issue on a motion to dismiss or is further discovery required?

3. What law should apply to Plaintiffs' claim of a constructive trust against 3i? If the *res* is located in California, why shouldn't California law apply? If Plaintiffs maintain that British Virgin Islands law applies, but there is no guidance about the application of the statute, can the Court seek guidance from long-standing California precedent on the issue?

4. How can the Court consider Exhibits 2 and 3 to the Declaration of Peter Welsh (OrthoClear letters to shareholders dated September 28, 2006 and October 2, 2006) on a motion to dismiss without converting it to a motion for summary judgment?

Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: January 3, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE