United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL B. ESHELMAN, D.D.S.; PETER F. SILCHER, D.D.S.; and LORI SILCHER,

Plaintiffs,

v.

ORTHOCLEAR HOLDINGS, INC. et al.,

Defendants.

No. C 07-1429 JSW

**ORDER GRANTING MOTIONS TO DISMISS**

Plaintiffs Michael B. Eshelman, D.D.S., Peter F. Silcher, D.D.S. and Lori Silcher (collectively "Plaintiffs") bring this action individually and on behalf of all other persons who purchased or otherwise acquired the stock of defendant Orthoclear Holdings, Inc. ("OrthoClear") between January 1, 2005 and September 30, 2006. Plaintiffs make claims against various defendants for violation of Section 10(b) Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a); violation of Section 12(a)(1) of the Securities Act of 1933; intentional misrepresentation; negligent misrepresentation; breach of fiduciary duty; violation of British Virgin Island ("BVI") Business Companies Action § 121; breach of California Corporations Code § 2116; constructive trust; and violation of Section 25110 of the California Corporations Code.

Now before the Court are two motions to dismiss the Second Amended Complaint ("SAC") filed by defendants OrthoClear and 3i Technology Partners ("3i"). OrthoClear moves to dismiss asserting that Plaintiffs fail to meet the heightened pleading requirements of the

Private Securities Litigation Reform Act ("PSLRA") and fail to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

Defendant 3i moves to dismiss asserting that Plaintiffs' causes of action for breach of fiduciary duty against Badawi and constructive trust against 3i are derivative actions and further, that the claim for intentional misrepresentation is not alleged with sufficient particularity. Having carefully reviewed the parties' papers, considered their arguments and relevant legal authority, and having had the benefit of oral argument, the Court hereby GRANTS Defendant OrthoClear's motion to dismiss with leave to amend and GRANTS 3i's motion to dismiss, both with leave to amend.

**BACKGROUND**

According to the Complaint, Defendant OrthoClear is a British Virgin Islands corporation that manufactured clear plastic devices designed to straighten teeth. Plaintiffs are holders of preferred Class A, B, and C shares of OrthoClear, which they purchased in April, June, and October of 2005 and in March of 2006 ("Class Period"). Defendant 3i is a venture capital fund that invested in OrthoClear in August of 2006 when it purchased $10 million of senior preferred Class D shares. Defendant Paul Badawi is a principal of 3i who served briefly on the Board of Directors of OrthoClear.

OrthoClear was sued by Align Technology ("Align") in February 2005 for infringement of intellectual property rights and in July 2005 for violations of the Lanham Act. In January 2006, Align filed a complaint against OrthoClear in the United States International Trade Commission as well as a patent case in federal court. In June 2006, Align filed another federal action against OrthoClear for violations of the Lanham Act and related common law claims. The Complaint alleges that while these various actions (collectively the "Align Litigation") were pending, OrthoClear repeatedly told investors and its shareholders that Align's claims were meritless.

In August 2006, 3i purchased $10 million of Class D shares of OrthoClear and Badawi joined its Board of Directors.

2

In September 2006, OrthoClear announced that it had reached an agreement with Align and would cease its operation. OrthoClear agreed to transfer all existing rights of its intellectual property to Align in exchange for $20 million. OrthoClear sought the necessary shareholder approval for the settlement with various letters to its shareholders. In addition, 3i received a sum of money approximating the $10 million it had invested in OrthoClear.

All other pertinent facts shall be addressed in the analysis as needed.

## ANALYSIS

Plaintiffs allege that throughout the Class Period, OrthoClear deceived Plaintiffs regarding the merits and bases of the Align Litigation. (SAC, ¶ 131.) The allegations include whether OrthoClear deliberately deceived investors about whether it had a valid ownership interest in the intellectual property upon which its business was based or whether its use was infringing Align's patents. Plaintiffs also claim that OrthoClear failed to disclose the effect of the costs of the Align Litigation on its ability to continue to conduct business and prepare a defense. Lastly, Plaintiffs claim that OrthoClear deceived its investors about whether and when it was planning to make an initial public offering of it shares. (*Id.*)

Section 10(b) of the Securities Exchange Act provides, in part, that it is unlawful "to use or employ in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe." 15 U.S.C. § 78j(b).

Rule 10b-5 makes it unlawful for any person to use interstate commerce:

(a) To employ any device, scheme, or artifice to defraud;
(b) To make any untrue statement of material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or;
(c) To engage in any act, practice, or course of business that operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

17 C.F.R. § 240.10b-5.

To plead a claim under section 10(b) and Rule 10b-5, a plaintiff must allege (1) a misrepresentation or omission, (2) of material fact, (3) made with scienter, (4) on which the

plaintiff justifiably relied, (5) that proximately caused the alleged loss. *Binder v. Gillespie*, 184 F.3d 1059, 1063 (9th Cir. 1999). Additionally, as in all actions alleging fraud, a plaintiff must state with particularity the circumstances constituting fraud. *Greebel v. FTP Software, Inc.*, 194 F.3d 185, 193 (9th Cir. 1999); Fed. R. Civ. P. 9(b).

**A.     Applicable Pleading Standards.**

**1.     Rule 12(b)(6).**

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss should not be granted unless it appears beyond a doubt that a plaintiff can show no set of facts supporting his or her claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).

**2.     Private Securities Litigation Reform Act.**

In order to limit the number of frivolous private securities lawsuits, Congress enacted the PSLRA in December of 1995, and created heightened pleading standards for such lawsuits. 15 U.S.C. § 78u-4(b). The PSLRA requires that "the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1)(B). Furthermore, the PSLRA requires that the plaintiff "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2).

The heightened standard set by the PSLRA was intended to put an end to securities fraud lawsuits that plead "fraud by hindsight." *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 988 (9th Cir. 1999). "The PSLRA significantly altered pleading requirements in private securities fraud litigation by requiring that a complaint plead with particularity both falsity *and* scienter." *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1084 (9th Cir. 2002) (citing *Ronconi v. Larkin*, 253 F.3d 423, 429 (9th Cir. 2001)) (emphasis added). "Thus the complaint must allege that the defendant made false or misleading statements either intentionally or with

4

deliberate recklessness or, if the challenged representation is a forward looking statement, with 'actual knowledge ... that the statement was false or misleading.'" *Id.* at 1085 (citing 15 U.S.C. § 78u-5(c)(1)(B)(I)). This is often accomplished "by pointing to inconsistent contemporaneous statements or information (such as internal reports) made by or available to the defendants." *Yourish v. California Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999) (quoting *In re GlenFed Sec. Litig.*, 42 F.3d 1541, 1549 (9th Cir. 1991) (*en banc*)); *see also id.* at 994 (discussing insufficiency of plaintiffs' allegations with regard to the non-disclosure of confidential non-public information).

Under the PSLRA, a complaint is still construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Silicon Graphics*, 183 F.3d at 983. To determine whether a plaintiff has pled a strong inference of scienter, however, "the court must consider all reasonable inferences to be drawn from the allegations, including inferences unfavorable to the plaintiffs." *Gompper v. VISX, Inc.*, 298 F.3d 893, 897 (9th Cir. 2002). The Court "should consider all the allegations in their entirety, together with any reasonable inferences therefrom, in concluding whether, on balance, the plaintiffs' complaint gives rise to the requisite inference of scienter." *Id.* "Conclusory allegations of law and unwarranted inferences, however, are insufficient to defeat a motion to dismiss." *In re Northpoint Communications Group, Inc. Sec. Litig.* (*Northpoint II*), 221 F. Supp. 2d 1090, 1094 (N.D. Cal. 2002).

Finally, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when the authenticity of those documents is not questioned, and other matters for which the Court can take judicial notice. *Northpoint II*, 221 F. Supp. 2d at 1094; *see also Silicon Graphics*, 183 F.3d at 986.

**B.     Request for Judicial Notice.**

Defendant OrthoClear requests that the Court take judicial notice of OrthoClear Holdings, Inc. Class A, B and C Preferred Shares Purchase Agreements with the Schedule of Exceptions for each agreement ("Purchase Agreements") attached as Exhibits A through C to the Declaration of Charles R. Rice, all of which are referenced in the Complaint. Plaintiffs do

not dispute the accuracy of the documents attached to the request, and the requested documents are the types of documents of which this Court properly make take judicial notice. *See, e.g., In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1076 (N.D. Cal. 2003) (court "may properly take judicial notice of SEC filings and documents expressly referenced" in a complaint"); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 12 S. Ct. 2499, 2509 (2007); *see also Plevy v. Haggerty*, 38 F. Supp. 2d 816, 821 (C.D. Cal. 1998). Accordingly, the Court GRANTS Defendant OrthoClear's request.

Plaintiffs request that the Court take judicial notice of the letter from OrthoClear to its shareholders dated March 8, 2007, attached as Exhibit A to the corrected declaration of James S. Nabwangu. Again, because the letter is referenced in the Complaint and the parties do not dispute the accuracy of the document attached to the request, the Court takes judicial notice of the letter. *See In re Calpine*, 288 F. Supp. 2d at 1076.[1] Lastly, 3i requests that the Court take judicial notice of excerpts from the British Virgin Islands Business Companies Act of 2004, amended, effective 2006, attached as Exhibit B to the same declaration. *See MCA, Inc. v. United States*, 685 F.2d 1099, 1104 (9th Cir. 1982) ("Under Federal Rule of Civil Procedure 44.1, when the parties have given written notice of intent to raise an issue of foreign law, a federal court may take judicial notice of the laws of a foreign country.") Accordingly, the Court takes judicial notice of the excerpts from the BVI Business Companies Act of 2004.

**C.      OrthoClear and D&O Defendants' Motion to Dismiss.**

**1.      Count One for Violation of Section 10b-5 Against OrthoClear and the D&O Defendants Fails.**

**a.      Plaintiffs Fail to Plead Sufficient Facts to Demonstrate Falsity.**

The PSLRA requires that Plaintiffs allege with the requisite particularity each statement alleged to be false or misleading, the reason or reasons why the statement was false or misleading, and if those allegations are made on information and belief, all facts on which that belief is formed. *See* 15 U.S.C. § 78u-4(b)(1)(B); *see also Employers Teamsters Local Nos. 175 and 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1134 (9th Cir. 2004). To plead

---

[1] Although there was some contest regarding whether Exhibit A should have included an e-mail attachment, the accuracy of the letter itself is undisputed.

6

falsity with particularity, a complaint must specific each statement alleged to have been misleading and the reason or reasons why the statement is misleading. *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 1018-19 (S.D. Cal. 2005). Plaintiffs fail to meet this standard.

Plaintiffs allege that OrthoClear and the D&O Defendants misrepresented the risks of the Align Litigation. However, in the Purchase Agreements, OrthoClear disclosed the risks of the pending litigation and Plaintiffs, who were experienced investors, could therefore appreciate the level of risk involved. (*See* Purchase Agreements, ¶¶ 3.5, 4.1 and 4.17; Schedule of Exceptions, § 2.10.) The Purchase Agreements explicitly described the shareholders as "experienced in evaluating and investing in securities in the development stage. (Purchase Agreements, ¶ 3.5.) The Agreements stated in a portion entitled "Risk Factors" that the "purchase of the Shares should be considered highly speculative and as entailing a high degree of risk. The purchase of the Shares is suitable only for persons of substantial financial means who can afford the complete loss of their investment, and who have no need for liquidity in this investment. EACH INVESTOR COULD LOSE HIS OR HER ENTIRE INVESTMENT. Each Investor should, in addition to reviewing this entire Agreement, including the Schedule of Exceptions and all other Exhibits, carefully consider the following risks. ... Litigation ... the Company has been sued by Align. If a final determination is rendered against the Company in the Align Litigation (i.e., if the Company should lose the Align Litigation in any way), or if the Company suffers interim adverse ruling of the Court before a final determination is made, such an outcome could have a substantial adverse effect on the Company and on any investments in the Shares." (*Id.*, ¶¶ 4.1, 4.17.)

Written disclosures of this type, without any indication from the Defendants that they told the investors to ignore the risk disclosures, have been deemed sufficient and not actionable without more. *See, e.g., In re Boston Scientific Corp. Sec. Litig.*, 490 F. Supp. 2d 142, 153 (D. Mass 2007) (company "was only obligated to mention the litigation in general descriptive terms" and "was not obligated to predict the outcome or estimate the impact"); *In re SeaChange Int'l*, 2004 U.S. Dist. LEXIS 1687 at *28 (D. Mass 2004) ("given the vagaries of litigation," general disclosure about litigation was not misleading). The Court finds that OrthoClear's

7

disclosures were sufficient warning to investors about the pending litigation against the company.

Plaintiffs argue that in addition to misrepresenting the risks of the Align Litigation, OrthoClear maintained that it had no known "conflict" between its intellectual property and the "rights of others" and no known infringement of any patent or property rights of others. (SAC, ¶ 74.) Plaintiffs contend that OrthoClear knew at the time it made these statements that there was "a substantial question whether or not its patents infringed certain broadly written Align patents." (*Id.*) Plaintiffs also maintain that because OrthoClear petitioned anonymously for reexamination of certain of Align's patents before the United States Patent Office, they knew there were serious infringement issues. (*Id.*) The Court finds that these representations and conduct by OrthoClear does not amount to false or misleading statements at the time they were made. The fact that Align alleged infringement and the fact that OrthoClear settled the suit does not indicate that there was indeed a known conflict or infringement of any intellectual property. The Court does not find that litigation strategy, such as filing for reexamination of an adversary's patent in an infringement action, constitutes known falsity. Without more, the Court finds that these allegations are insufficient to maintain a claim of falsity under Section 10b-5.

### b. Plaintiffs Fail to Plead Sufficient Facts to Demonstrate Scienter.

The PSLRA also requires a plaintiff to allege particular facts giving rise to a strong inference that "the defendant made false or misleading statements either intentionally or with deliberate recklessness." *Vantive*, 283 F.3d at 1085; 15 U.S.C. § 78u-4(b)(2). Where the pleadings are not sufficiently particularized or where, even taken as a whole, they do not raise a strong inference of scienter, dismissal pursuant to Rule 12(b)(6) is proper. *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1038 (9th Cir. 2002). Moreover, to determine whether a plaintiff has pled a strong inference of scienter, "the court must consider all reasonable inferences to be drawn from the allegations, including inferences unfavorable to the plaintiffs." *Gompper*, 298 F.3d at 897.

Plaintiffs further allege, however, that several D&O Defendants, as previous officers at Align, had access to Align's intellectual property, manufacturing and marketing plans. They allege that these facts are circumstantial evidence that OrthoClear had the opportunity to steal Algin's intellectual property. Plaintiffs further allege that the fact that it took OrthoClear hardly any time to get their product to market indicates that Defendants deliberately used Align's intellectual property in order to jumpstart their own business venture. Last, Plaintiffs claim that the manner in which OrthoClear settled with Align by giving up the business without going to court raises a strong inference that Defendants intentionally or recklessly made false or misleading statement regarding the status of their intellectual property and the merits of the Align Litigation. (SAC, ¶¶ 113-15.)

The Court finds, however, that the allegations of circumstantial evidence that OrthoClear officers were in a position to take intellectual property from Align, or that they were successful in bringing a familiar product to market or the mere fact of the decision to settle with Align, fails to establish that the statements made about their own intellectual property were false when made. Plaintiffs must allege inconsistent contemporaneous statements or actions by the OrthoClear Defendants in order to demonstrate scienter. *See In re Immune Response*, 375 F. Supp. 2d at 1018 (complaint "must contain allegation of specific contemporaneous statements or conditions that demonstrate the intentional or the deliberately reckless false or misleading nature of the statements when made").

Plaintiffs allege no negative internal report within the company regarding the ongoing Align Litigation or any other contemporaneous statement indicating that the representations made to investors were known to be false at the time they were made. The mere fact that many of OrthoClear's members were previously employed by Align and the path to market was shorter than it had been for Align does not create an inference that Defendants stole intellectual property secrets. *See In re Pixar Sec. Litig.*, 450 F. Supp. 2d 1096, 1104 (N.D. Cal. 2006) ("motive and opportunity is insufficient" to create a strong inference of scienter). In addition, there is no indication that investors were not aware that OrthoClear was founded by past Align officers or that the path to market was shorter than Align's.

9

Lastly, the mere fact of a settlement in pending litigation does not create an inference that Defendants misrepresented the nature of the lawsuit. Plaintiffs do not cite any authority for the position that the difference between early statements about litigation and a subsequent settlement creates a strong inference of scienter. The Court is not persuaded that such an inference is merited. Settlements can be made for many reasons without any indication of the relative merit of the allegations. Furthermore, Align settled with OrthoClear by paying them $20 million for their intellectual property assets. (SAC, ¶ 91.) The settlement figure alone indicates that OrthoClear's intellectual property was valuable and demonstrates relatively little about the meritoriousness of Align's litigation arguments. The Court finds that the Complaint does not state sufficient facts to create a strong inference of scienter.

### c. Plaintiffs Fail to Plead Sufficient Facts to Demonstrate Reliance.

The United Supreme Court has held that reliance is a necessary element of a Rule 10b-5 cause of action. *Basic v. Levinson*, 485 U.S. 243, 246 (1988). Reliance provides the requisite causal connection between a defendant's misrepresentation and a plaintiff's injury. *Id*. Plaintiffs fail to allege sufficient facts to demonstrate that they actually heard or otherwise received any of the statements upon which they base their Section 10b-5 claim. They do not allege that they purchased any securities in reliance on any particular statement or even specify which statements were made prior to their investment. (SAC, ¶¶ 70-86.)

Plaintiffs fail to allege sufficient facts to demonstrate falsity, scienter and reliance. Accordingly, the Court GRANTS the motion to dismiss count one for violation of Section 10b-5 against OrthoClear and the D&O Defendants without prejudice.[2]

---

[2] As in all claims herein dismissed, upon repleading, Plaintiffs must set out each particular allegation they maintain against each separate D&O Defendant. *See, e.g., In re NextCard, Inc. Sec. Litig.*, 2006 U.S. Dist. LEXIS 16156 at *11-12 (N.D. Cal. 2006) (adopting the reasoning of the Fifth Circuit decision in *Southland Securities Corp. v. INSPIRE Insurance Solutions, Inc.*, 365 F.3d 353, 365 (5th Cir. 2004), and holding that "it appears to be totally inconsistent with the particularity requirements of the PLSRA to hold corporate officers 'responsible' for unattributed corporate statements solely on the basis of their titles, even if their general level of day-to-day involvement in the corporation's affairs is pleaded.")

### 2. Count Three for Intentional Misrepresentation Against OrthoClear and the D&O Defendants Fails.

Plaintiffs allege that after they had already invested, OrthoClear and the D&O Defendants intentionally misrepresented material facts about the Align settlement and that "Plaintiffs reasonably relied on these misrepresentations by not taking further actions to obtain a return of their funds." (SAC, ¶ 142.) These after-purchase allegations do not constitute sufficient facts to state a claim for intentional misrepresentation because the Complaint fails to allege facts demonstrating reliance. Although Plaintiffs supplement the record by submitting a letter allegedly sent to shareholders on March 8, 2007, the Complaint still does not indicate that the Plaintiffs actually received the letter or relied on it to their detriment. *See Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167, 171 (2003) (holding that in a "holder's action, a plaintiff must allege specific reliance on the defendants' representations: for example, that if the plaintiff had read a truthful account of the corporation's financial status the plaintiff would have sold the stock, how many shares the plaintiff would have sold, and when the sale would have taken place. The plaintiff must allege actions, as distinguished from unspoken and unrecorded thoughts and decisions, that would indicate that the plaintiff actually relied on the misrepresentations.")

Plaintiffs fail to allege actual reliance on the alleged intentional misrepresentations. Accordingly, the Court GRANTS the motion to dismiss count three for intentional misrepresentation against OrthoClear and the D&O Defendants without prejudice.

### 3. Count Four for Negligent Misrepresentation Against OrthoClear and the D&O Defendants Fails.

Plaintiffs allege that they "reasonably relied on" all of the alleged misrepresentations about the claims and costs of the Align Litigation, the operation of OrthoClear's business not infringing on any patent or other proprietary rights of others, the settlement, and about a prospective initial public offering "by purchasing or otherwise acquiring OrthoClear Holdings securities." (SAC, ¶¶ 148, 150, 153.) The Complaint does not make sufficient allegations of

the timing of such alleged misrepresentations nor demonstrate how those alleged misrepresentations were relied upon in the purchase or acquisition of the subject securities.

Again, Plaintiffs fail to allege reliance on the alleged negligent misrepresentations. Accordingly, the Court GRANTS the motion to dismiss count four for negligent misrepresentation against OrthoClear and the D&O Defendants without prejudice.

### 4. Several Counts are Derivative in Nature.

OrthoClear and the D&O Defendants move to dismiss Plaintiffs' claims for breach of fiduciary duty (count five), for violation of the British Virgin Islands Act § 121 (count six), and for violation of the British Virgin Islands Act § 2116 (count seven). The OrthoClear Defendants argue these claims are derivative in nature because they are "based primarily on OrthoClear's distribution to Defendant 3i Technology, as the most senior preferred shareholder, in March 2007." (Motion at 10.) They contend that because any harm that was suffered was suffered in the first instance by the corporation as a whole and the only damage suffered by Plaintiffs was the alleged loss of value of their investment in the company, the claims are not direct as alleged. *See Sax v. World Wide Press, Inc.*, 809 F.2d 610, 613 (9th Cir. 1987) ("if the gravaman of the complaint is injury to the corporation, or to the whole body of its stock or property without any severance or distribution among individual holders," the action is derivative, not direct).

The Court will further assess the substance of this argument in the section on 3i's motion to dismiss. (*See* Section D.1. *infra*.) However, because the Court finds the crux of these claims are for injury to the company and therefore derivative in nature, the Court GRANTS the motion to dismiss these counts for lack of standing.

### 5. Count Two for Violation of Section 12(a)(1) of the Securities Act of 1933.

Plaintiffs assert that OrthoClear sold and offered to sell securities to members of the Class in the absence of a registration statement in violation of Section 12(a) of the Exchange Act, 15 U.S.C. § 78l(a)(1). (SAC, ¶ 140.) The Court finds that Plaintiffs' claim does not allege a factual basis for the alleged statutory violation. In their opposition to the motion, Plaintiffs contend that they could add additional facts to state such a claim. The Court therefore

12

GRANTS the motion to dismiss count two for violation of Section 12(a)(1) against OrthoClear and the D&O Defendants without prejudice. After Plaintiffs have fully restated their claim, the Court may better address the parties' contentions regarding the possibility that some specific plaintiffs' claims may be time-barred.

**D.     3i Technology's Motion to Dismiss.**

**1.     Fiduciary Duty and Constructive Trust Claims Are Derivative.**

Plaintiffs' breach of fiduciary duty and constructive trust claims against Badawi and 3i respectively must be dismissed for lack of standing. Plaintiffs lack standing to bring a breach of fiduciary duty claim against Badawi because Plaintiffs do not allege that there was a special duty between Badawi and the individual Plaintiff shareholders, and Plaintiffs fail to allege any injury that is not derivative of the injury to OrthoClear, the corporate entity. Where claims belong to a corporation, rather than to the shareholders acting in their own right, the claims must be brought in a derivative, rather than a direct, action. *See, e.g., Schuster v. Gardner*, 127 Cal. App. 4th 305, 309 (2005) (affirming dismissal of direct shareholders' suit for lack of standing where the claims should have been brought as a derivative action).

The characterization of an action as derivative or direct is a question of state law. *Sax*, 809 F.2d at 613. OrthoClear was incorporated in the British Virgin Islands ("BVI") and such matters are therefore governed by BVI law. BVI law adheres to the general rule that "an individual shareholder lacks standing to sue for recovery of individual damages for which the shareholder would otherwise have a cause of action when those damages arose solely from acts that caused identical injuries to the corporation, and thus proportionately reduced the value of the individual's shares." *Genstar Ltd. v. Ernst & Young*, 901 P.2d 1178, 1186 (1995). Due to the lack of BVI case law, and no apparent conflict, California law is instructional and may govern.

Under California law, "a shareholder *cannot* bring a direct action for damages against management on the theory their alleged wrongdoing decreased the value of his or her stock (e.g., by reducing corporate assets and net worth). The corporation itself must bring such an action, or a derivative suit may be brought on the corporation's behalf." *Schuster*, 127 Cal.

13

App. 4th at 312 (emphasis in original; citations omitted). An action is derivative if "the gravamen of the complaint is injury to the corporation, or to the whole body of its stock or property without any severance of distribution among individual holders, or if it seeks to recover assets for the corporation or to prevent the dissipation of its assets." *Id.* at 313 (citing *Jones v. H.F. Ahmanson & Co.*, 1 Cal. 3d 93, 106-07 (1969)). Just as in *PacLink Communications International, Inc. v. Superior Court*, "the essence of plaintiffs' claims is that the assets of [the company] were fraudulently transferred without any compensation being paid ... This constitutes an injury to the company itself." 90 Cal. App. 4th 958, 964 (2001).

The crux of Plaintiffs' fiduciary duty and constructive trust claims against Badawi and 3i is that their conduct harmed OrthoClear and its assets were dissipated as a result of the payment to 3i. These claims are therefore derivative.

### a. Count Five for Breach of Fiduciary Duty Against Badawi.

Plaintiffs allege that Badawi failed in his duty "to preserve and protect the assets of OrthoClear Holdings and not to waste its funds" and that OrthoClear directors and Badawi had a "duty of loyalty to the shareholders." (SAC, ¶ 156.) The Complaint also alleges that Badawi "engaged in a joint course of conduct resulting in the payment to 3i of as much as $10 million from OrthoClear funds in derogation of the interest of the other OrthoClear preferred shareholders." (*Id.*, ¶ 112.) These allegations demonstrate that the crux of the claim implicates duties owed to the company, and that the claim seeks to address the alleged dissipation of funds from the company and seeks the return of those funds back to the company. Therefore, the Court finds that Plaintiffs' claim is derivative in nature "in that the gravamen of the complaint is injury to the corporation and to the whole body of its stockholders." *Campbell v. Clark*, 159 Cal. App. 2d 432, 437 (1958) (citations omitted); *see also Jones*, 1 Cal. 3d at 106-07 (holding that an action is derivative where it seeks "to recover assets for the corporation"). Plaintiffs seek to have the 3i monies returned to OrthoClear and then disbursed according to the company's corporate charter. In addition, Plaintiffs have not identified a special fiduciary duty owed to them that is separate and distinct from that owed to the other shareholders and that would allow them to pursue a direct action. *See Sax*, 809 F.2d at 614.

14

Accordingly, the motion to dismiss Count Five for breach of fiduciary duty is GRANTED for lack of standing.

### b. Count Eight for Constructive Trust Against 3i.

Plaintiffs lack standing to pursue a claim for constructive trust against 3i because in order to obtain such a trust, Plaintiffs must establish a pre-existing right to the subject property. "Shareholders own neither the property nor the earnings of the corporation ... Shareholders own only stock, from which their income is derived upon the liquidation of assets or the declaration of dividends by the directors." *Nelson v. Anderson*, 72 Cal. App. 4th 111, 126 (1994). Accordingly. Shareholders cannot bring a direct action to impose a constructive trust on property conveyed from a corporation to a third party. *Id.* A constructive trust could only be brought by or on behalf of the owner of the assets in question. *Pacific Lumber Co. v. Superior Court*, 226 Cal. App. 3d 371, 378 (1990). Therefore, Plaintiffs lack standing to pursue their claim for a constructive trust against 3i and the motion to dismiss the claim is GRANTED.

Although Plaintiffs concede California cases indicate they lack standing, Plaintiffs contend that BVI law should apply. BVI law provides only that a shareholder may "apply to the Court for an order" where the shareholder believes the company's affairs have been mishandled. (Corrected Declaration of James S. Nabwangu, Ex. B (BVI Companies Act § 1841(1)).) Although the provision allows for petition to the Court, it does not indicate whether such petition would be direct or derivative and there is not decisional authority from the jurisdiction that is instructive. Because the vast majority of jurisdictions have found such a claim to be derivative and because there is no apparent conflict between the laws of BVI and California, the Court has applied the general rule that, as found in California decisional authority, such claims are derivative in nature.

### 2. Count Three for Intentional Misrepresentation is Inadequately Pled.

Plaintiffs have failed to state a claim for intentional misrepresentation against Badawi because they fail to plead the claim with requisite particularity. Federal Rule of Civil Procedure 9(b) requires that "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The rule "requires pleading facts that by any

1  definition *are* 'evidentiary': time, place, persons, statements made, explanation of why or how
2  such statements are false or misleading." *In re GledFed*, 42 F.3d at 1548 n.7 (emphasis in
3  original). Thus, in making out a claim for intentional misrepresentation, Plaintiffs must make
4  allegations regarding the misrepresentation, the speaker, when and where the statement was
5  made, and in what manner the representation is false or misleading. In addition, Rule 9(b)
6  "require[s] plaintiffs to differentiate their allegations when suing more than one defendant ...
7  and inform each defendant separately of the allegations surrounding his alleged participation in
8  the fraud." *Swart v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007). A court may dismiss a
9  claim when its allegations fail to satisfy Rule 9(b)'s heightened pleading requirements. *Vess v.*
10 *Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

11 In this case, Plaintiffs merely allege that Badawi and the D&O Defendants collectively
12 misrepresented facts to the shareholders. (SAC, ¶ 143.) Combined with the lack of specificity
13 about when Badawi was on the Board, the complaint does not state clear factual allegations
14 demonstrating that Badawi was aware of communications to the shareholders or the contents or
15 falsity of any statements those communications contained at the time they were made.
16 Accordingly, the Court GRANTS the motion to dismiss count three for intentional
17 misrepresentation against Badawi without prejudice.

## CONCLUSION

19 For the foregoing reasons, the Court GRANTS Defendants OrthoClear and the D&O
20 Defendants' motion to dismiss and 3i and Badawi's motion to dismiss. This ruling is without
21 prejudice to Plaintiffs filing a third amended complaint. Plaintiffs shall file any amended
22 complaint within thirty days of the date of this Order. If Plaintiffs do not file an amended
23 complaint within thirty days, this case shall be dismissed. If an amended complaint is filed,
24 ////
25 ////
26 ////
27 ////
28

16

Defendants shall either file an answer or move to dismiss within twenty days of service of the amended complaint.

**IT IS SO ORDERED.**

Dated: January 18, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE