IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. ESHELMAN, D.D.S.; PETER F. SILCHER, D.D.S.; and LORI SILCHER,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ORTHOCLEAR HOLDINGS, INC. et al.,<br><br>　　　　Defendants.<br>_____/ | No. C 07-1429 JSW<br><br>**AMENDED NOTICE OF TENTATIVE RULING AND QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON MAY **16**, 2008 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively GRANTS IN PART AND DENIES IN PART** Defendant OrthoClear and the D&O Defendants' motion to dismiss and **GRANTS** 3i and Badawi's motion to dismiss and **GRANTS** Defendant Seifert's motion to dismiss.

The parties shall each have 25 minutes to address the following questions:

**OrthoClear and D&O Defendants' Motion to Dismiss**

1. In its prior order, the Court found that the allegations regarding statements about the litigation early on and the anonymous petition for reexamination were insufficient to plead falsity. Beside a brief analysis of the breadth of the Align patents, how does the Third Amended Complaint vary from the Second Amended Complaint in this regard?

2. What new facts in the Third Amended Complaint indicate scienter, or as Plaintiffs contend, indicate that "Defendants deliberately understated the risk and potential impact of the Align Litigation in order to obtain investor capital" *from Plaintiffs* (i.e., not from 3i)?

3. On what basis do Plaintiffs assert they may maintain derivative status under British Virgin Islands law? Why should the decision to pursue corporate litigation not be left to sound business judgment of the organization's board of directors? On what basis do Plaintiffs contend that the decision to litigate is not a "commercial matter"? *See* BVI Companies Act at § 184C(2)(b).

4. What authority stands for the proposition that a plaintiff whose own investment satisfies the private placement exemption can recover an investment because some other investor did not? *See Koehler v. Pulvers*, 614 F. Supp. 829, 836, 849 (S.D. Cal. 1985). If given leave to amend, could Plaintiffs allege that there at least 35 investors who are not accredited? (According to Nabwangu Declaration, there are 31 unaccredited investors. Are these facts judicially noticeable?)

5. Why are Plaintiffs not bound by the integration clause in the Purchase Agreements? Are Plaintiffs' claims about Defendants' representations outside those in the Agreements barred by virtue of the integration?

**Seifert's Motion to Dismiss**

1. How can Plaintiffs maintain a claim against OrthoClear for violation of the Securities Act of 1933 when 15 U.S.C. § 771 only applies to public offerings? *See Lewis v. Fresne*, 252 F.3d 352, 357 & n.4 (5th Cir. 2001).

2. On what factual basis do Plaintiffs contend they have stated a cause of action against Defendant Seifert for violation of California Corporations Code §§ 25401 and 25501 considering there is no allegation that she "offered and sold securities"? If given leave to amend, upon what facts could Plaintiffs rely?

**3i and Badawi's Motion to Dismiss**

1. Plaintiffs allege that, due to the timing of his departure from the Board and the subsequent 3i settlement, Badawi must have misappropriated confidential inside information. If the motion to dismiss were granted and Plaintiffs were given leave to amend to add facts to support such an inference, what would Plaintiffs allege? Does the disclosure of the 3i settlement agreement in this round of motions alter Plaintiffs' proposal? Can Plaintiffs plead any facts indicating that Badawi reviewed the letters sent to shareholders dated September 28, 2006 and October 2, 2006?

2

2. OrthoClear and 3i negotiated a settlement agreement disposing of 3i's potential claims against the company.

    a. Must the Court deem the Align settlement a "Deemed Liquidation Event" under British Virgin Islands law? Is this a question of fact requiring discovery?

    b. If it were simply a liquidation event, why were Plaintiffs never informed of the event, why is distribution by formal process not complete, and why does the settlement agreement involve repurchase of shares instead of liquidation? Does the fact that OrthoClear represented to shareholders that the 3i settlement would not require OrthoClear to "cease operations or dissolve" factor into the determination?

    c. When did the 3i settlement become effective? Is that a judicially noticeable fact?

    d. What is the effect of OrthoClear's release of all derivative claims in the settlement agreement?

Do any of the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: May 15, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3